IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNAMALAI ANNAMALAI,

                Petitioner,

v.

ERIC EMMERICH,

                Respondent.

OPINION and ORDER

24-cv-678-jdp

---

    Petitioner Annamalai Annamalai, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Annamalai contends that Bureau of Prison officials have unlawfully deprived him of First Step Act time credits equaling 1212 days. I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will deny the petition because it is plainly insufficient and premature. I will also deny Annamalai's other pending motions.

    I begin with some background. Annamalai was convicted in the Northern District of Georgia of several offenses, including bank fraud, conspiracy to commit bank fraud, filing a false federal income tax return, and making a false statement under oath in a bankruptcy proceeding. *See United States v. Annamalai*, No. 13-cr-437 (N.D. Ga.), Dkt. 982. The Bureau of Prisons' online inmate locator shows that Annamalai is housed at FCI Oxford and has a projected release date of August 25, 2028. As the court has noted, Annamalai has a "history of frequent and abusive litigation" and has been sanctioned extensively for filing "a deluge of

meritless and frivolous actions." *Annamalai v. Emmerich*, No. 24-cv-167-jdp (W.D. Wis.), Dkt. 2 at 2.

Annamalai's petition has three problems. The first problem is exhaustion. Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008). I cannot determine whether Annamalai has met this requirement because he has provided incomplete answers to the habeas form's questions regarding exhaustion. Dkt. 1 at 2–3. Annamalai's wasn't free to disregard these questions; completely answering the questions on the court's habeas form is mandatory. *See* Rule 2(d), Section 2254 Rules.

The petition's second problem is its lack of clarity. Petitions under § 2241 "must meet heightened pleading standards." *Compare McFarland v. Scott*, 512 U.S. 849, 856 (1994), *with* Rule 4, Section 2254 Rules. I take Annamalai to allege that BOP officials deprived him of FSA time credits based on a mistaken determination that he didn't successfully complete recidivism reduction programs. *See id.* at 6–7. But Annamalai's explanation is unclear. *See id.* Annamalai's unclear and unsupported allegations don't meet habeas pleading requirements.

The petition's third problem is more substantive. Annamalai faults BOP officials for depriving him of 1212 days of FSA time credit. But FSA time credits may be applied towards supervised release or prerelease custody only when they equal the remainder of the prisoner's sentence. *Dutton v. Keyes*, No. 22-cv-526-wmc, 2022 WL 17813090, at *1 (W.D. Wis. Dec. 13, 2022). Annamalai's projected release date is nearly four years away, and 1212 days fall short of that time. Even if Annamalai could show that he's been deprived of 1212 days of FSA time credit, his request to have these credits applied to his sentence would be premature.

Annamalai moves for expedited consideration of his petition. Dkt. 3. I will deny this motion as moot.

Annamalai filed a second motion in which he: (1) asks for expedited consideration of his petition; and (2) says that he's been deprived of FSA time credits; and (3) complains about the conditions of his confinement. Dkt. 7. I will deny both Annamalai's second request for expedited consideration of the petition and his vague allegations that he's been deprived of FSA time credits as repetitive. I will not consider Annamalai's vague complaints about the conditions of his confinement because, as Annamalai has been instructed, a habeas corpus petition isn't the proper vehicle to challenge his conditions of confinement.

Annamalai's third motion raises new allegations to support his petition and asks me to take judicial notice of a case. Dkt. 8. But Annamalai's new allegations don't fix the problems with his petition, and the case Annamalai identifies is immaterial. I will deny the third motion.

ORDER

IT IS ORDERED that:

1. Petitioner Annamalai Annamalai's petition, Dkt. 1, is DENIED.

2. Petitioner's motion to expedite, Dkt. 3, is DENIED as moot.

3. Petitioner's other pending motions are DENIED.

4. The clerk of court is directed to enter judgment and close the case.

Entered October 30, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge